UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

September 29, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Sherie W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-0100-BAH

Dear Counsel:

On January 3, 2022, Plaintiff Sherie W. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECF 8, the parties' cross-motions for summary judgment, ECFs 11 and 12, and Plaintiff's reply, ECF 15. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II survivor's claim application for Childhood Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on September 4, 2015,[1] alleging a disability onset of January 1, 2009. Tr. 367–76. Plaintiff's claims were denied initially and on reconsideration. Tr. 140, 153, 167, 180. On March 21, 2018, an Administrative Law Judge ("ALJ") held a hearing and found Plaintiff to be not disabled. Tr. 184–203. The Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the case for resolution of specific issues. Tr. 206–08. A second ALJ hearing was held on December 18, 2019, but adjourned to allow Plaintiff time to find representation. Tr. 77–90. The hearing reconvened on October 7, 2020, and Plaintiff was represented by counsel. Tr. 40–75. On June 22, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 12–36. The Appeals Council denied Plaintiff's request for review, Tr. 7–11, so the ALJ's decision constitutes the final, reviewable

---

[1] Plaintiff notes in the Motion for Summary Judgment that the applications were filed on September 14, 2015. ECF 11-1, at 2. However, the record reflects that the application date is actually September 4, 2015. Tr. 367, 373.

[2] 42 U.S.C. §§ 301 et seq.

*Sherie W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-0100-BAH
September 29, 2022
Page 2

decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged date of onset. Tr. 18. The ALJ also found that Plaintiff had not attained the age of 22 as of January 1, 2009. Tr. 18. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "depressive disorder and bipolar disorder." Tr. 18. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 18. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> [Plaintiff] is limited to performing unskilled work involving routine tasks but can apply commonsense understanding to carry out detailed but uninvolved instructions. The claimant is limited to no work at a production-rate pace, as in an assembly line, where each job task must be completed within strict time periods. The claimant is limited to occasional interaction with supervisors, coworkers, and the public. The claimant is limited to low stress work defined as requiring simple work-related decisions with only occasional changes in the routine work setting.

Tr. 21. Based on this RFC finding, the ALJ determined that though Plaintiff had no relevant past work experience, Plaintiff could perform other jobs that existed in significant numbers in the national economy, namely a "Packer (DOT # 920.587-018),[3] a "Stock Clerk (DOT # 922.687-

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th

*Sherie W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-0100-BAH
September 29, 2022
Page 3

058)," and a "Housekeeper (DOT #323.687-014)." Tr. 28–29.  Therefore, the ALJ concluded that Plaintiff was not disabled from January 1, 2009, through the date of the decision and was also not disabled prior to the date Plaintiff turned 22.  Tr. 29.

### III. LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Id.*  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff's lone argument on appeal is that the ALJ erroneously evaluated certain medical opinions in the record.  ECF 11-1, at 7–11.  Specifically, Plaintiff challenges the ALJ's evaluation of Dr. Robert Foster, an examining physician who "met with [Plaintiff] during a telehealth consultative examination in March 2021 and was able to provide significant and relevant first hand observations concerning [Plaintiff's] limitations."  *Id.* at 8 (citing Tr. 890–92).  Second, Plaintiff alleges that the ALJ unfairly "discounted" the findings of Plaintiff's therapist, Raven Spady, LSCW-C.  ECF 11-1, at 9–10.  Plaintiff also alleges that the ALJ gave too much weight to the findings of "State agency consultants" who evaluated Plaintiff and determined that Plaintiff was not disabled.  *Id.*

Defendant counters that the ALJ utilized the proper standard for evaluating medical opinion evidence.  ECF 12-1, at 6.  Defendant contends that all opinions "were properly considered by the ALJ, who clearly articulated [the ALJ's] analysis of the record, including the medical source opinions, the inconsistencies between various opinions, Plaintiff's treatment notes, the objective evidence of record, and the record as a whole."  *Id.* (citing Tr. 21–28).  The Court agrees.

Prior to a change in the regulations affecting cases filed after March 27, 2017,[4] all medical

---

Cir. 2015).

[4] The "treating physician rule" was amended effective March 27, 2017, for claims filed after that date.  *See* C.F.R. § 416.920c.  After that date, the SSA will consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of supportability and consistency.  20

*Sherie W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-0100-BAH
September 29, 2022
Page 4

evidence was weighed by an ALJ in accordance with 20 C.F.R. § 416.927(c)(2) and 20 C.F.R. § 404.1527(c)(2). First, an ALJ was required to follow the "treating physician rule," which mandated that the medical opinion of a treating physician is entitled to "controlling weight" if it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 416.927(c)(2), 404.1527(c)(2). "[T]he treating physician rule is a robust one: '[T]he opinion of a claimant's treating physician [must] be given great weight and may be disregarded only if there is persuasive contradictory evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 107 (4th Cir. 2020) (citing *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987)).

"Second, if a medical opinion is not entitled to controlling weight under the treating physician rule, an ALJ must consider each of the following factors to determine the weight the opinion should be afforded: (1) the '[l]ength of the treatment relationship and the frequency of examination'; (2) the '[n]ature and extent of the treatment relationship'; (3) '[s]upportability,' i.e., the extent to which the treating physician 'presents relevant evidence to support [the] medical opinion'; (4) '[c]onsistency,' i.e., the extent to which the opinion is consistent with the evidence in the record; (5) the extent to which the treating physician is a specialist opining as to 'issues related to his or her area of specialty"'; and (6) any other factors raised by the parties 'which tend to support or contradict the medical opinion.'" *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 384–85 (4th Cir. 2021) (citing 20 C.F.R. § 404.1527(c)(2)(i)–(6)); *see also* 20 C.F.R. § 416.927 (c)(2)(i)-(6)).

Here, the ALJ utilized the proper framework to evaluate the opinion of Dr. Robert Foster, Ph.D.[5] Tr. 26. The ALJ cited to proper regulations, reviewed Dr. Foster's written evaluation, and ultimately determined that the examination was entitled to little weight. Tr. 21, 26. The ALJ's conclusion was supported by citations to the record and explained by the ALJ. Plaintiff asserts that "the ALJ should have afforded Dr. Foster's assessment greater weight." ECF 11-1, at 9. In essence, Plaintiff disputes *how* the ALJ evaluated the evidence and asks the Court to re-weigh the evidence, which plainly exceeds the scope of my review. *Craig*, 76 F.3d at 589 ("In reviewing for substantial evidence, [the Court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary.").

As to the evaluation of Plaintiff's therapist, Plaintiff appears to contend that the ALJ was

---

C.F.R. § 416.920c(a), (c)(1)–(2). However, Plaintiff's claim was filed before March 17, 2017, so the ALJ's decision is reviewed under the "old" regulations, 20 C.F.R. § 416.927 and 20 C.F.R. § 404.1527. These two sections are explicitly referenced in the ALJ's decision. Tr. 21.

[5] The record makes clear that Dr. Foster was not a treating physician. *See* 20 C.F.R. §§ 404.1502, 416.902 (effective June 13, 2011, to March 27, 2017). Dr. Foster was, however, an "examining physician" and thus "generally" entitled to "more weight" than would be given to "the medical opinion of a medical source" who did not examine Plaintiff. 20 C.F.R. § 404.1527(c)(1); 20 C.F.R. § 416.927(c)(1).

required to follow the "treating physician rule" described above. However, despite the critical services they provide, licensed clinical social workers are not listed among acceptable medical sources that are entitled to the application of the "treating physician rule." *See* 20 C.F.R. §§ 416.902(a), 404.1502(a); *see also Brandee B. v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-20-3139, 2021 WL 4864373, at *1 (D. Md. Oct. 19, 2021) ("Plaintiff admits that licensed social workers . . . are not considered acceptable medical sources under this regulation."). Thus, "[o]pinions from those professionals deemed not acceptable medical sources[,]" like Plaintiff's therapist, are "considered using the same factors" in 20 C.F.R. § 404.1527(c)(1) and (2) and 20 C.F.R. § 416.927(c)(1) and (2). *Id.*

As with Dr. Foster's opinion, the ALJ used the correct framework to analyze the September 25, 2020, "statement" by Raven Spady, LSCW-C. Tr. 26–27. Specifically, it appears that the ALJ considered all the relevant factors that the ALJ could, including whether the opinion was consistent with the record as a whole. Tr. 27. The ALJ even considered a prior evaluation performed by the same therapist, which the ALJ noted may have contradicted the September 25, 2020, "statement." Tr. 27 (citing Tr. 811–12). In short, the ALJ applied the appropriate factors, explained their decision, and provided citations to the evidence in support of that decision. I am not permitted to upset this conclusion under substantial evidence review. *Craig*, 76 F.3d at 589.

Of course, "not every factor for weighing opinion evidence will apply in every case because the evaluation of an opinion . . . depends on the particular facts in each case." 20 C.F.R. §§ 416.927(f)(1), 404.1527(f)(1). Moreover, "an ALJ need not accept the opinion of any physician (including a treating physician) if such is brief, conclusory, and inadequately supported by clinical findings." *Demetrius J. v. Saul*, No. 1:18-CV-03812-JMC, 2019 WL 7037956, at *5 (D. Md. Dec. 20, 2019). The September 25, 2020 "statement" comprises just one short paragraph and thus provides very little information for the ALJ to evaluate and review. Tr. 585. Contrary to Plaintiff's assertion, the "statement" fails to provide a "detailed assessment" of Plaintiff's daily activities and similarly fails to provide "details of [Plaintiff's] inability to perform daily activities on a consistent basis, thereby interfering with her concentration, memory and social interactions." ECF 15, at 2.[6] Nonetheless, the ALJ evaluated the short statement as best the ALJ could, including contrasting it with other evidence in the record including Plaintiff's self-assessment of Plaintiff's own limitations. As such, I find that the conclusion that the ALJ reached as to the therapist's statement is supported by substantial evidence.

As to the weight the ALJ afforded the state agency consultants, the Court also finds that the ALJ's conclusions are supported by substantial evidence. Specifically, the ALJ afforded "great weight" to the assessments of Michael Dennis, Ph.D., and F. Ewell, Ph.D. Tr. 25. These conclusions are based on the ALJ's finding that these assessments "are consistent with the evidence of record, [Plaintiff's] activities of daily living, and [Plaintiff's] level of mental health

---

[6] Plaintiff's Reply cites to Tr. 891 and 892 to support the argument that "both Dr. Foster's *and Ms. Spady's* records provide details of [Plaintiff's] inability to perform daily activities on a consistent basis, thereby interfering with her concentration, memory and social interactions." ECF 15, at 2 (emphasis added). However, that portion of the transcript contains only Dr. Foster's report.

*Sherie W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-0100-BAH
September 29, 2022
Page 6

treatment." Tr. 25. The ALJ noted precisely what portions of the record supported the ALJ's conclusions in this regard and included citations to multiple statements by Plaintiff, Plaintiff's mental health records, and to additional findings by other examiners. Tr. 25–26.

It may be true that the state agency consultants did not specifically review, or cite to, evidence that reflected Plaintiff's courageous "battle to cope with [Plaintiff's] continuing depressive symptoms." ECF 11-1, at 10 (citing Tr. 683–764, 841–88). However, this failure does not necessarily mandate remand. It is the ALJ's job to compare the reports of evaluators with all the evidence in the record, a task the ALJ performed here. Indeed, the ALJ made repeated reference to these treatment records throughout the ALJ's evaluation before reaching the ultimate conclusion that Plaintiff is not disabled within the meaning of the relevant law. Tr. 24–27. It is the ALJ's prerogative to determine whether, as Plaintiff alleges, "the State Agency consultant's opinions were superseded by new and material information beyond 2016." ECF 11-1, at 10.

Ultimately, an "ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' *see Scivally v. Sullivan*, 966 F.2d 1070, 1076–77 (7th Cir. 1992), or has not given good reason for the weight afforded a particular opinion. *See* 20 C.F.R. § 404.1527(d) (1998)." *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *2 (4th Cir. Jan. 11, 1999); *see also Dunn v. Colvin*, 607 F. App'x 264, 271 (4th Cir. 2021) (noting that the Court "must defer to the ALJ's assignment of weight [to medical opinions] unless they are not supported by substantial evidence"). While I may have come to a different conclusion if given the task in the first instance, I find that the ALJ supported the persuasive weight the ALJ assigned to each medical opinion with substantial evidence, within the regulatory framework, and without manufacturing "specious inconsistencies" in the medical record. Under the "substantial evidence" standard, I find no error with the ALJ's conclusions.

## V.     CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment and alternative motion for remand, ECF 11, is DENIED and Defendant's motion for summary judgment, ECF 12, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge